**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB HOLDING LLC, *et al.*,[1] | ) | Cases No. 25-52415 (SMS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' FIRST OMNIBUS EMERGENCY MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF NON-
RESIDENTIAL REAL PROPERTY *EFFECTIVE AS OF* THE PETITION DATE,
(B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT
THE LEASED PREMISES; (II) FIXING A BAR DATE FOR CLAIMS OF
COUNTERPARTIES; AND (III) GRANTING RELATED RELIEF**

**LANDLORDS AND TENANTS RECEIVING THIS MOTION SHOULD LOCATE THEIR
RESPECTIVE NAMES AND LEASES IN EXHIBIT A ATTACHED**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this First Omnibus Emergency Motion for Entry of an Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property Effective as of the Petition Date, (B) Abandonment of Any Remaining Personal Property Located at the Leased Premises; (II) Fixing a Bar Date for Claims of Counterparties; and (III) Granting Related Relief (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: OTB Holding LLC (3213), OTB Acquisition LLC (8500), OTB Acquisition of New Jersey LLC (1506), OTB Acquisition of Howard County LLC (9865), Mt. Laurel Restaurant Operations LLC (5100), OTB Acquisition of Kansas LLC (9014), OTB Acquisition of Baltimore County, LLC (6963). OTB Holding LLC's service address is One Buckhead Plaza, 3060 Peachtree Road, NW, Atlanta, GA 30305.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over these cases and this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2.      The predicates for the relief requested herein are sections 105, 365, 554, 1107 and 1108 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004, 6006, 6007 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9006-2 and 9013-2 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia (the "Local Rules") and *Second Amended and Restated General Order 26-2019, Procedures for Complex Chapter 11 Cases*, dated February 6, 2023 (the "Complex Case Procedures").

## BACKGROUND

3.      On March 4, 2025 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "Court").  The Debtors have continued in possession of their properties and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in these cases.

4.      The factual background relating to the Debtors' commencement of these cases is set forth in detail in the *Declaration of Jonathan M. Tibus in Support of Chapter 11 Petitions and*

*First Day Pleadings* (the "First Day Declaration") filed on or about the date hereof and incorporated herein by reference.[2]

### The Leases

5.      The Debtors currently operate approximately sixty (60) casual Mexican dining restaurants located across the United States.  The Debtors do not own any premises on which they operate their restaurants but rather enter into non-residential property lease agreements with the respective counterparties.

6.      In the weeks leading up to the Petition Date, the Debtors have accelerated their lease rationalization process in connection with the Debtors' broader restructuring efforts.  The Debtors reviewed their store footprint and identified leases that are likely to continue to drive losses for the Debtors and should be rejected.  The Debtors' meticulous, well-considered lease rejection plan is centered on value maximization.

7.      In order to manage their business and assets responsibly and economically, the Debtors seek to reject the Rejected Leases (as defined below), which are a burden on the Debtors and their estates.  In 2024, the Company spent approximately $25,315,000 in lease obligations, over $11,878,000 of which relate to underperforming stores.  Given the Company's operational headwinds and financial position, payment of lease obligations associated with non-performing leases has caused significant strains on the Company's liquidity.  The Debtors submit that the Rejected Leases are unnecessary to operate their business going forward and can be rejected immediately.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the First Day Declaration.

8.     The Debtors are no longer occupying, nor have use for, the Leased Premises (as defined below).  The Rejected Leases require the payment of base monthly rent, applicable sales taxes, and prorated common area and real estate tax expenses associated with each applicable location.  As a result, the Rejected Leases and the Personal Property (as defined below) remaining at the Leased Premises have no value or benefit to the estates and will not be included as part of the assets for sale in these chapter 11 cases.

9.     The Debtors have determined, in their business judgment, to reject the Rejected Leases and abandon any remaining Personal Property, effective as of the Petition Date, to avoid the incurrence of continued rental obligations related to the Rejected Leases or the Leased Premises.

## RELIEF REQUESTED

10.     By this Motion, the Debtors request entry of an order substantially in the form of the proposed order attached hereto as **Exhibit B**, pursuant to sections 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6006 and 6007, (a) authorizing and approving the Debtors' rejection of the leases set forth on **Exhibit A**  (the "Rejected Leases") effective as of the Petition Date, (b) confirming that any personal property of the Debtors, including, but not limited to, furniture, fixtures, and equipment remaining at each Leased Premises ("Personal Property"), as of the Petition Date or otherwise within the time agreed upon by and among the Debtors and the Counterparty (as defined below) of the applicable Leased Premises (unless extended by agreement among the Debtors and the applicable Counterparty), on the premises (collectively, the "Leased Premises") are deemed abandoned by the Debtors pursuant to section 554 of the Bankruptcy Code without the applicable Counterparty incurring liability to any person or entity, and upon such abandonment at the time of the rejection of the applicable lease for the Leased Premises, the

4

applicable Counterparty shall be permitted to use or dispose of such abandoned Personal Property remaining at such Leased Premises without notice or liability to the Debtors or any third person or entity and (c) fixing a bar date for claims, if any, of the counterparties to each Rejected Lease (the "Counterparties").

11.     The Debtors have concluded that the Rejected Leases are not necessary for a sale and have determined that continued performance under the Rejected Leases would constitute an unnecessary drain upon the financial resources of the Debtors' cash (on account of February 2025, March 2025 rent, and all subsequent rents, and any related expenses for the Rejected Leases that would otherwise accrue).  In addition, the Debtors seek to abandon, effective as of the Petition Date, any Personal Property that remains on any of the Leased Premises.  The Debtors respectfully submit that this related relief is necessary and appropriate.

12.     To the extent notice of the Debtors' intention to reject the Rejected Leases has not been previously provided, the filing and service of this Motion shall serve as notice to the Counterparties of the Debtors' intention to reject the Rejected Leases listed on **Exhibit A.**

## BASIS FOR RELIEF REQUESTED

### A.     Rejection of the Rejected Leases, Effective as of the Petition Date, Reflects the Debtors' Sound Business Judgment.

13.     Section 365(a) of the Bankruptcy Code provides that a trustee or debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a); *see also Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing

*In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re TOUSA, Inc.*, 598 Fed. App'x 761, 763 n. 3 (11th Cir. March 26, 2015) (unpublished).

14.     The right of a debtor-in-possession to reject unexpired leases and executory contracts is fundamental to the bankruptcy process because it supplies a mechanism to eliminate financial burdens on the bankruptcy estate. *See In re Wells*, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998). The United States Court of Appeal for the Eleventh Circuit has noted that the decision to reject an executory contract or unexpired lease is primarily administrative and should be given great deference by the court, subject only to a review under the "business judgment" rule. *See In Re Gardinier, Inc.*, 831 F.2d 974, 976, n. 2 (11th Cir. 1987); *Colony Beach & Tennis Club, Inc. v. Colony Beach & Tennis Club Ass'n (In re Colony Beach & Tennis Club Ass'n, Inc.)*, Case No. 8:09-cv- 535-T-33, 2010 WL 746708, at *8 (M.D. Fla. March 2, 2010) ("[T]he bankruptcy court may not substitute its own judgment for that of a debtor unless the debtor's decision is so manifestly unreasonable that it must be based upon bad faith, whim, or caprice.") (citing *In re Surfside Resort and Suites, Inc.,* 325 B.R. 465, 469 (Bankr. M.D. Fla. 2005) (internal citations omitted); *Surfside Resort and Suites*, 325 B.R. at 469; *In re Weaver Oil Co., Inc.,* No. 08-40379-LMK, 2008 WL 8202063, 2008 Bankr. LEXIS 4159, at *4-5 (Bankr. N.D. Fla. Nov. 17, 2008); *See In re Summit Land Co*., 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an unexpired lease "should be granted as a matter of course"); *see also NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also In re Federal*

*Mogul Global, Inc*., 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003).

15.     The "business judgment" standard is not a strict standard; it requires only a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor's estate.  *See Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkum*, 488 A.2d 858, 872 (Del. 1985)), appeal dismissed, 3 F.3d 49 (2d Cir. 1993).  So long as the decision to assume or reject is a reasonable exercise of business judgment, the court should approve the assumption or rejection of an unexpired lease.  *See also NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984); *Group of Institutional Investors v. Chicago M. St. P. & P. R. R. Co*., 318 U.S. 523, 550-51 (1943).

16.     Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract or lease would benefit the estate.  *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989).  The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate.  *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate").

17.     Pursuant to section 365(a) of the Bankruptcy Code, the Debtors seek to reject the Rejected Leases effective as of the Petition Date in order to avoid the possibility of incurring any additional expenses and costs related to the Rejected Leases.  *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 530 (1984) (stating that rejection relates back to the petition date); *In re Manis*

7

*Lumber Co.*, 430 B.R. 269, 277 (N.D. Ga. 2009) (explaining that "a bankruptcy court has the equitable discretion to order that rejection operate retroactively when appropriate to effect its fundamental objectives."); *see also, e.g., Pacific Shores Development, LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070–71 (9th Cir. 2004) (holding that "a bankruptcy court, in exercising its equitable powers under 11 U.S.C. § 105(a), may approve the retroactive rejection of a nonresidential lease when 'necessary or appropriate to carry out the provisions of' § 365(d)."); *Thinking Machines Corp. v. Mellon Financial Services Corp. # 1 (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (ruling that "a bankruptcy court, when principles of equity so dictate, may approve a rejection of a nonresidential lease pursuant to section 365(a) retroactive to the motion filing date."); *Stonebriar Mall Ltd. Partnership v. CCI Wireless, LLC (In re CCI Wireless, LLC)*, 297 B.R. 133, 138 (D. Colo. 2003) (holding that a bankruptcy court "has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (N.D. Tex. 1996); *In re Jamesway Corp.*, 179 B.R. 33, 37-38 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection).

18.    The Debtors seek to reject the Rejected Leases, in accordance with principles of sound business judgment and the circumstances of these cases.   The Rejected Leases are, and will continue to be, a burden to the Debtors' estates.   There are no longer operations at the particular restaurants subject to the Rejected Leases, and the Debtors have no further use for each of the Leased Premises.   The Debtors have vacated or will vacate the Leased Premises as of the Petition Date, and the Rejected Leases no longer provide any economic benefit to the Debtors' estates.

19.     Additionally, the Debtors have determined, in their reasonable business judgment, that there is no net benefit that can be realized from an attempt to market and assign the Rejected Leases.  As a result, the Debtors have determined that the cost to the Debtors of continuing to occupy the Leased Premises under the Rejected Leases, and of performing the Debtors' obligations under the Rejected Leases and incurring unnecessary administrative expenses, is burdensome, and that rejection of the Rejected Leases is, thus, in the best interests of the Debtors' estates and their creditors.  For all of the above reasons, the Debtors submit that rejection of the Rejected Leases is in the best interests of the Debtors' estates and their creditors, and other parties in interest.

20.     Courts in this District have authorized similar relief to the relief requested herein. *In re the Krystal Company*, Case No. 20-61065 (PWB) (Bankr. N.D. Ga. Feb. 12, 2020) [Docket No. 147]; *In re Manis Lumber Co.,* 430 B.R. 269, 271 (Bankr. N.D. Ga. 2009) (PWB); *In re Capital Restaurant Group, LLC*, No. 19-65910 (WLH) (Bankr. N.D. Ga. Oct. 8, 2019); *In re Jack Cooper Ventures, Inc.*, No. 19-62393 (PWB) (Bankr. N.D. Ga. Sept. 13, 2019) [Docket No. 278].

21.     The Debtors further request that, consistent with the limitations imposed by section 362 of the Bankruptcy Code and any other applicable law, if any of the Debtors have deposited amounts with any of the Counterparties as a security deposit or pursuant to another similar arrangement, or if any of the Counterparties owe any of the Debtors any amount pursuant to the Rejected Leases or other agreements between the same parties, the Counterparties shall not be permitted to setoff or otherwise use the amounts from such deposit or other similar arrangement, or other amount owed to the Debtors, without the prior order of the Court.  *See In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63, 70-72 (Bankr. S.D.N.Y. 2010) (automatic stay prohibits landlord from exercising right to set off on debtor's security deposit); *In re Communicall Cent., Inc.*, 106

B.R. 540, 545 (Bankr. N.D. Ill. 1989) (landlords are required to move for relief from the automatic stay to exercise right of set off); *In re Inslaw, Inc.*, 81 B.R. 169, 169-70 (Bankr. D.D.C. 1987) (landlord's right to set off may be utilized only after relief from stay is granted).

**B.     Authorizing the Debtors to Abandon any Personal Property Remaining at the Leased Premises as of the Petition Date is Appropriate.**

22.     In the event that any Personal Property remains on any of the Leased Premises as of the Petition Date, the Debtors request authority to abandon such Personal Property, pursuant to section 554(a) of the Bankruptcy Code, with such abandonment being effective as of the Petition Date.

23.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the [debtor] may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare.  *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986).  Neither of these limitations is relevant in this case.

24.     The Debtors submit that any abandoned Personal Property is of inconsequential value or burdensome to the Debtors' estates to remove.  Among other things, the Debtors believe that the cost of retrieving, marketing, and reselling the abandoned Personal Property outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Personal Property.  For the avoidance of doubt, the Debtors will not abandon any Personal Property containing any personal identifying information (which means information which alone or in conjunction with other information identifies an individual, including, but not limited to, an

individual's name, social security number, date of birth, government-issued identification number, account number, and credit or debit card number).  As a result, the Debtors have determined, in their business judgment, that the abandonment of any such Personal Property, effective as of the Petition Date, is a sound exercise of their business judgment, and is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

### C.     Claims Bar Date

25.     As set forth above, the Counterparties may seek to assert claims in connection with the Rejected Leases or the rejection or termination of the Rejected Leases.

26.     Bankruptcy Rule 3003(c)(3) provides: "[t]he court shall fix . . . the time within which proofs of claim may be filed." Bankruptcy Rule 2002(a)(7) requires at least twenty-one days' notice by mail of the time fixed for filing proofs of claim and interest pursuant to Bankruptcy Rule 3003(c)(3).

27.     The Debtors further request by this Motion that the Court fix the claims bar date with respect to the Rejected Leases to be the claims bar date to be established by the Court for all holders of general unsecured claims, failing which such claim or claims by the Counterparties shall be forever barred.

28.     The Debtors reserve any and all rights to object to any rejection damage claims or other claims filed by any Counterparty.

### D.     Compliance with the Requirements of Bankruptcy Rule 6006(f)

29.     Bankruptcy Rule 6006(f) requires, in relevant part, that a motion to reject multiple executory contracts or unexpired leases:

a.     state in a conspicuous place that parties receiving the motion should locate their names and their contracts or leases in the motion;

11

b.      list parties alphabetically and identify the corresponding contract or lease;

c.      be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

d.      be limited to no more than 100 executory contracts or unexpired leases.

The Debtors have complied with the foregoing requirements.

## EMERGENCY CONSIDERATION

30.      The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one (21) days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm."  Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

31.      The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion.  Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein.

Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## RESERVATION OF RIGHTS

32.     The Debtors are currently reviewing and evaluating other unexpired nonresidential real property leases and/or executory contracts that are not the subject of this Motion.  As this process continues, the Debtors may identify additional unexpired nonresidential real property leases and/or executory contracts to be assumed or rejected.  Accordingly, the Debtors reserve the right to seek to assume or reject additional executory contracts and unexpired nonresidential real property leases.

33.     Nothing contained herein should be construed as a waiver of any of the Debtors' rights, defenses, or counterclaims with respect to any of the Rejected Leases.  Nor does anything contained herein constitute an acknowledgement that a particular Rejected Lease constitutes an unexpired lease of nonresidential real property under section 365 of the Bankruptcy Code, and has not otherwise expired by its own terms or upon agreement of the parties as of the date hereof. Further, nothing contained herein is intended or shall be construed as: (i) an admission as to the validity, amount or priority of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; (iii) a promise or requirement to pay any claim; (iv) a waiver of any claim or cause of action of the Debtors that exists against any entity; (v) a ratification or assumption of any agreement, contract or lease under section 365 of the Bankruptcy Code; (vi) a waiver of limitation of the Debtors' rights under the Bankruptcy Code, any applicable law or any agreement; or (vii) an admission or concession by the Debtors that any lien is valid, and the Debtors expressly reserve

and preserve their rights to contest the extent, validity, or perfection, or seek avoidance of, any lien.

### NOTICE

34.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Northern District of Georgia; (b) the Debtors' thirty (30) largest unsecured creditors; (c) counsel to the Debtors' prepetition lenders; (d) counsel to the Debtors' debtor-in-possession lender; (e) the Internal Revenue Service; (f) the Georgia Department of Revenue; (g) the Attorney General for the State of Georgia; (h) the United States Attorney for the Northern District of Georgia; (i) the state attorneys general for states in which the Debtors conduct business; (j) the Counterparties to the Rejected Leases as listed on **Exhibit A**; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### NO PRIOR REQUEST

35.     No prior request for the relief sought in this Motion has been made to this or any other court.

### CONCLUSION

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of **Exhibit B**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

[*Remainder of Page Intentionally Blank*]

Date:  March 5, 2025
       Atlanta, Georgia

Respectfully submitted,

KING & SPALDING LLP


*/s/ Jeffrey R. Dutson*
Jeffrey R. Dutson
Georgia Bar No. 637106
Brooke L. Bean
Georgia Bar No. 764552
Alice Kyung Won Song
Georgia Bar No. 692753
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: jdutson@kslaw.com
Email: bbean@kslaw.com
Email: asong@kslaw.com

*Proposed Counsel for the Debtors in
Possession*

## **Exhibit A**

**Rejected Leases**

Exhibit A

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|--------|--------|------------------------|-----------|----------------------|
| 1 | OTB Acquisition, LLC | 1102 Walnut Street Cary NC LLC<br>841 Gilbert Hwy<br>Fairfield, CT  06824 | 38 | Lease for Store #38<br>1102 Walnut St.<br>Cary, North Carolina |
| 2 | OTB Acquisition, LLC | 12383 James Street LLC<br>2461 Santa Monica Blvd #635<br>Santa Monica, CA | 244 | Lease for Store #244<br>12383 James St.<br>Holland, Michigan |
| 3 | OTB Acquisition, LLC | 2011 East Copeland Land Trust Texico Land LLC<br>5781 B NW 151st Street<br>Miami Lakes, FL 33014 | 2 | Lease for Store #2<br>2011 Copeland Rd.<br>Arlington, Texas |
| 4 | OTB Acquisition, LLC | Addison Quorum Partners LTD<br>Beltway Commercial Real Estate<br>15280 Addison Rd.#301<br>Addison, TX  75001 | 192 | Lease for Store #192<br>4855 Belt Line Rd.<br>Addison, Texas |
| 5 | OTB Acquisition, LLC | Ahwatukee Foothills TC (III)<br>Sites Centers Corp., 3300 Enterprise Pkwy<br>Beachwood,OH 44122 | 31 | Lease for Store #31<br>5005 E. Ray Rd.<br>Phoenix, Arizona |
| 6 | OTB Acquisition, LLC | American Finance Operating Pship LP<br>One Oakbrook Terrace #400<br>Oakbrook Terrace, IL | 208 | Lease for Store #208<br>796 Woodland Dr.<br>Wyomissing, Pennsylvania |
| 7 | OTB Acquisition, LLC | Athens Bypass LLC<br>RM Athens<br>PO Box 1382<br>Donthan, AL 36302 | 111 | Lease for Store #111<br>3640 Atlanta Hwy.<br>Athens, GA |
| 8 | OTB Acquisition, LLC | Azad Woburn, LLC<br>The Red Roof Building<br>7515 Walton Pkwy, Attn: Legal Dept.<br>New Albany, OH  43054 | 141 | Lease for Store #141<br>19 Commerce Way<br>Woburn, Massachusetts |
| 9 | OTB Acquisition, LLC | BCP Investors, LLC<br>1616 Whetstone Way<br>Baltimore, MD 21230 | 237 | Lease for Store #237<br>3803 Boston Street<br>Baltimore, MD |
| 10 | OTB Acquisition, LLC | Bordolis LLC<br>222 Grand Avenue<br>Englewood, NJ  07631 | 130 | Lease for Store #130<br>6001 E. 86th St.<br>Indianapolis, IN |
| 11 | OTB Acquisition, LLC | Brixmor Operating<br>Orange Plaza, LLC c/o Brixmor Property Group<br>450 Lexington Ave, FL 13<br>New York, NY 10017 | 143 | Lease for Store #143<br>220 Indian River Rd.<br>Orange, Connecticut |
| 12 | OTB Acquisition, LLC | BTB Joplin Ops LLC<br>14504 Bogert Parkway<br>Oklahoma City, OK 73134 | 246 | Sublease for Store #246<br>3030 S. Rangeline Rd<br>Joplin, MO |
| 13 | OTB Acquisition, LLC | CBL T C LLC<br>PO Box 531791<br>Atlanta, GA  30353 | 116 | Lease for Store #116<br>11855 W 95th St.<br>Overland Park, Kansas |
| 14 | OTB Acquisition, LLC | CDJ of 88th St. Miami, LLC<br>Attn: Zeng Rong Song<br>29 Canal Street<br>New York, NY 10002 | 230 | Sublease for Store #230<br>12295 SW 88th St.<br>Miami, FL |
| 15 | OTB Acquisition, LLC | Childress Klein Properties<br>PO Box 60960<br>Charlotte, NC 28260 | 135 | Lease for Store #135<br>10710 Providence Road<br>Charlotte, NC |
| 16 | OTB Acquisition, LLC | Cole REIT III Oper Ptrshp LP<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 137 | Lease for Store #137<br>1800 NW Chipman Road<br>Lees Summit, MO |
| 17 | OTB Acquisition, LLC | Cole REIT III Oper Ptrshp LP<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 68 | Lease for Store #68<br>10575 Davis Drive<br>Alpharetta, GA |
| 18 | OTB Acquisition, LLC | Cole REIT III Oper Ptrshp LP<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 122 | Lease for Store #122<br>3206 Buford Drive<br>Buford, GA |

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|--------|--------|------------------------|-----------|----------------------|
| 19 | OTB Acquisition, LLC | DDRM West Falls Plaza LLC<br>867730 Reliable Pkwy<br>Chicago, IL 60686 | 74 | Lease for Store #74<br>14255 W. Colfax<br>Golden, CO |
| 20 | OTB Acquisition, LLC | DDRM West Falls Plaza LLC<br>PO Box 534455<br>Atlanta, GA 30353 | 39 | Lease for Store #39<br>1738 US-46<br>Woodland Park, NJ |
| 21 | OTB Acquisition, LLC | Dial Realty North Academy<br>11506 Nicholas Street<br>Omaha, NE 68154 | 21 | Lease for Store #21<br>7695 N. Academy Blvd.<br>Colorado Springs, Colorado |
| 22 | OTB Acquisition, LLC | Discountland Inc.<br>Nare High Grove Management LLC<br>2261 Monaco Drive<br>Oxnard, CA 93035 | 62 | Lease for Store #62<br>1915 Glacier Park Ave.<br>Naperville, Illinois |
| 23 | OTB Acquisition, LLC | El Toro Loco Lees Summit, Inc.<br>405 S Monroe St.<br>Raymore, MO 64083 | 137 | Sublease for Store #137<br>1800 NW Chipman Road<br>Lees Summit, MO |
| 24 | OTB Acquisition, LLC | Fairfax Company of Virginia, LLC<br>The Taubman Co.<br>200 East Lake Rd. 300<br>Bloomfield Hill, MI 48303 | 236 | Lease for Store #236<br>11947U Fair Oaks Mall - G213<br>Fairfax, VA |
| 25 | OTB Acquisition, LLC | FB Holtsville Retail LLC<br>RD Management<br>811 Seventh Ave, 11th FL<br>New York NY 10020 | 223 | Lease for Store #223<br>45 Middle Ave.<br>Holtsville, New York |
| 26 | OTB Acquisition, LLC | Florida Blue Jay, LLC / Berkowitz Development Group<br>Kendall Village Associates LLC<br>95 North County Road<br>Palm Beach, FL 33480 | 230 | Lease for Store #230<br>12295 SW 88th St.<br>Miami, FL |
| 27 | OTB Acquisition, LLC | Frontview REIT<br>3131 McKinney Ave, #L10<br>Dallas, TX 75204 | 136 | Lease for Store #136<br>19921 E Jackson Drive<br>Independence, MO |
| 28 | OTB Acquisition, LLC | Frontview REIT<br>3131 McKinney Ave, #L10<br>Dallas, TX 75204 | 242 | Lease for Store #242<br>433 Planet Ct<br>Midwest City, OK |
| 29 | OTB Acquisition, LLC | Frontview REIT<br>3131 McKinney Ste L10<br>Dallas, TX 75204 | 124 | Lease for Store #124<br>3050 E. Main St.<br>St. Charles, IL |
| 30 | OTB Acquisition, LLC | GW Real Estate of Georgia, LLC<br>3355 Lenox Rd NE Ste 200<br>Atlanta, GA 30326 | 56 | Lease for Store #56<br>2275 Pleasant Hill Drive<br>Duluth, GA |
| 31 | OTB Acquisition, LLC | Iowa & 31st Realty<br>756 E Thornwood Drive<br>South Elgin, IL 60177 | 160 | Lease for Store #160<br>3080 Iowa St.<br>Lawrence, KS |
| 32 | OTB Acquisition, LLC | JAH Interests VIII, LLC<br>3905 Lantern Trail<br>Carrollton, TX 75007 | 17 | Lease for Store #17<br>1890 S Stemmons Fwy.<br>Lewisville, Texas |
| 33 | OTB Acquisition, LLC | Jordan Creek Town Center LLC c/o Brookfield Properties<br>350 North Orleans St, Ste 300, Chicago,IL 60654<br>GGP Jordan Creek LLC c/o General Growth Properties<br>110 North Wacker Drive, Chicago, IL 60606 | 167 | Lease for Store #167<br>140 S. Jordan Creek Pkwy<br>W. Des Moines, Iowa |
| 34 | OTB Acquisition, LLC | KD Knox Street Village Holdco<br>PO Box 674223<br>Dallas, TX 75267 | 1 | Lease for Store #1<br>3130 Knox Street<br>Dallas, TX |
| 35 | OTB Acquisition, LLC | KD Knox Street Village Holdco, LLC<br>PO Box 674223<br>Dallas, TX 75267 | 251 | Lease for Store #251<br>3130 Knox St<br>Dallas, TX |
| 36 | OTB Acquisition, LLC | Kotis Holdings, LLC<br>PO Box 9296<br>Greensboro, NC 27429 | 191 | Lease for Store #191<br>2409 E. Franklin Blvd.<br>Gastonia, North Carolina |

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|--------|--------|------------------------|-----------|----------------------|
| 37 | OTB Acquisition, LLC | KRE Broadway Owner LLC<br>K BTF Broadway LLC<br>Lockbox PO Box 28706<br>New York, NY  10087 | 245 | Lease for Store #245<br>200 Broadway Mall<br>Hicksville, New York |
| 38 | OTB Acquisition, LLC | Main Street at Exton LP<br>120 W Germantown Pike #120<br>Plymouth Meeting, PA  19462 | 199 | Lease for Store #199<br>102 Bartlett Ave.<br>Exton, Pennsylvania |
| 39 | OTB Acquisition, LLC | Manganaro's Hero Boy, Inc.<br>1 Mill River Ln, #C306<br>Ardsley, NY 10502 | 233 | Lease for Store #233<br>6000 Warden Rd.<br>Sherwood, Arkansas |
| 40 | OTB Acquisition, LLC | McInteer Farms LLC<br>8301 E 21st N<br>Wichita, KS 67206 | 246 | Lease for Store #246<br>3030 S. Rangeline Rd<br>Joplin, MO |
| 41 | OTB Acquisition, LLC | Medrano Family Interests III LLC<br>4809 Westway Park Blvd<br>Houston, TX 77041 | 48 | Lease for Store #48<br>709 Texas Ave.<br>College Station, Texas |
| 42 | OTB Acquisition, LLC | MF2, LLC<br>c/o Mayfaire Management Co., LLC<br>P.O. Box 12830<br>Wilmington, NC 28405 | 184 | Lease for Store #184<br>1128 Military Cutoff Road<br>Wilmington, NC |
| 43 | OTB Acquisition, LLC | NATIXIS Comm Mtg SEC Trust<br>COMM MTG PT CERTS<br>8117 Preston Rd, Ste. 400<br>Dallas, TX 75225 | 187 | Lease for Store #187<br>6015 Sky Pond Dr.<br>Loveland, Colorado |
| 44 | OTB Acquisition, LLC | Neubauer Enterprises, LLC<br>12090 Hidden Links Drive<br>Fort Myers, FL  33013 | 247 | Lease for Store #247<br>3250 Rolling Oaks Blvd.<br>Kissimmee, Florida |
| 45 | OTB Acquisition, LLC | Northeast Border, LLC / North East Chen 88 Group, Inc<br>2324 Red Wolf Blvd<br>Jonesboro, AR 72401 | 239 | Sublease for Store #239<br>2324 Red Wolf Blvd<br>Jonesboro, AR |
| 46 | OTB Acquisition, LLC | Northeast Border, LLC<br>PO Box 17047<br>Jonesboro, AR  72403 | 239 | Lease for Store #239<br>2324 Red Wolf Blvd<br>Jonesboro, AR |
| 47 | OTB Acquisition, LLC | OTB Town Center, LLC<br>12701 Metcalf Ave Ste 100<br>Overland Park, KS 66213 | 26 | Lease for Store #26<br>5200 W. 119th St.<br>Leawood, KS |
| 48 | OTB Acquisition, LLC | OTR Nominee of State Teachers<br>CBRE, Inc., 121 South Tejon St. #1111<br>Colorado Springs, CO  80903 | 81 | Lease for Store #81<br>500 State Hwy 121<br>Plano, Texas |
| 49 | OTB Acquisition, LLC | Pacific Illinois, LLC<br>Block Point LLC<br>401 North Michigan Avenue<br>Chicago, IL 60611 | 235 | Lease for Store #235<br>870 N. Meacham Road<br>Schaumburg, IL |
| 50 | OTB Acquisition, LLC | RAMA IL, LLC<br>16743 Bridge Hampton Club Dr.<br>Fort Mill, SC  29707 | 42 | Lease for Store #42<br>535 N. Lakeview<br>Vernon Hills, Illinois |
| 51 | OTB Acquisition, LLC | Regency Centers Corporation<br>PO Box 74062 - Buckhead Station<br>Atlanta, GA  30374 | 57 | Lease for Store #57<br>1 Buckhead Loop NE, #130<br>Atlanta, Georgia |
| 52 | OTB Acquisition, LLC | Reston Spectrum LLP<br>Lerner Enterprises, 2000 Tower Oaks Blvd., 8th FL<br>Rockville, OH 20852 | 41 | Lease for Store #41<br>11880 Spectrum Ctr.<br>Reston, Virginia |
| 53 | OTB Acquisition, LLC | Rosewood Ventures LLC<br>14613 N Kelley Avenue<br>Oklahoma City, OK  73013 | 202 | Lease for Store #202<br>544 Interstate 240<br>Oklahoma City, OK |
| 54 | OTB Acquisition, LLC | Sears Holdings Corporation<br>3333 Beverly Road, Dept. 824RE<br>Hoffman Estates, IL 60179 | 146 | Lease for Store #146<br>420 Maine Mall Road<br>Portland, ME |

Exhibit A

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|---|---|---|---|---|
| 55 | OTB Acquisition, LLC | Shark Properties<br>5109 80th Street<br>Lubbock , TX  79424 | 238 | Lease for Store #238<br>890 E Highway 114<br>Roanoake, Texas |
| 56 | OTB Acquisition, LLC | Shoujen Daniel Du and Christie Zheng Li, Trustees of the Du and Li<br>Family Trust c/o Vista Management<br>P.O. Box 62185<br>Irvine, CA 92602 | 28 | Lease for Store #28<br>4306 W. Loop 250 North<br>Midland, TX |
| 57 | OTB Acquisition, LLC | Simon Property Group Inc. c/o<br>M.S. Management Associates Inc.<br>225 W. Washington Street<br>Indianapolis, IN 46204-3438 | 252 | Lease for Store #252<br>1201 Hooper Ave Suite A20<br>Toms River, New Jersey |
| 58 | OTB Acquisition, LLC | Srinivas LP<br>401 Crescent Drive<br>Pottsboro, TX 75067 | 9 | Lease for Store #9<br>1505 N. Central Expy.<br>Plano, TX |
| 59 | OTB Acquisition, LLC | Sunbelt Investment Holdings Inc.<br>8095 Othello Avenue<br>San Diego, CA 92111 | 126 | Lease for Store #126<br>5205 E. Broadway Blvd<br>Tucson, AZ |
| 60 | OTB Acquisition, LLC | TCAM Core Property Fund Operating LP<br>Neighborhood Restaurant Partners FL LLC<br>n/a | 249 | Lease for Store #249<br>12517 State Road 535<br>Orlando, FL |
| 61 | OTB Acquisition, LLC | The Graham Companies Inc<br>6843 Main Street<br>Miami Lakes, FL 33014 | 231 | Lease for Store #231<br>15301 NW 67th Ave.<br>Miami Lakes, FL |
| 62 | OTB Acquisition, LLC | Theriot Holdings, LLC<br>Orange Grove Utilities, Inc.<br>PO Box 1584<br>Mandeville, LA  70470 | 201 | Lease for Store #201<br>6572 Airways Rd.<br>Southhaven, Mississippi |
| 63 | OTB Acquisition, LLC | Twin Creeks FCH TX LLC<br>PO Box 974867<br>Dallas, TX  75397 | 129 | Lease for Store #129<br>213 N. Central Expwy<br>Allen, Texas |
| 64 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 22 | Lease for Store #22<br>8702 E 71st St. South<br>Tulsa, Oklahoma |
| 65 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 44 | Lease for Store #44<br>21091 Haggerty Rd.<br>Novi, Michigan |
| 66 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 54 | Lease for Store #54<br>6709 Slide Rd.<br>Lubbock, Texas |
| 67 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 73 | Lease for Store #73<br>4175 Morse Crossing<br>Columbus, Ohio |
| 68 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 78 | Lease for Store #78<br>7873 W Bell Rd.<br>Peoria, Arizona |
| 69 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 79 | Lease for Store #79<br>1710 S. Power Rd.<br>Meza, Arizona |
| 70 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 99 | Lease for Store #99<br>3930 Baldwin Rd.<br>Auburn Hills, Michigan |
| 71 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 145 | Lease for Store #145<br>33 Border Way<br>W. Springfield, Massachusetts |
| 72 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 151 | Lease for Store #151<br>3500 NW Expressway<br>Oklahoma City, Oklahoma |

Exhibit A

| Item # | Debtor | Rejection Counterparty | Store No. | Description of Lease |
|--------|--------|------------------------|-----------|----------------------|
| 73 | OTB Acquisition, LLC | VEREIT, Inc. c/o Realty Income<br>2325 E Camelback Rd, 9th FL<br>Phoenix, AZ  85016 | 71 | Lease for Store #71<br>8340 NW Roanridge Road<br>Kansas City, MO |
| 74 | OTB Acquisition, LLC | Wallen Ventures LLC<br>4825 Bentonbrook Drive<br>Fairvax, VA  22030 | 69 | Lease for Store #69<br>2651 Prince William Pkwy<br>Woodbridge, Virginia |
| 75 | OTB Acquisition, LLC | Westland Triple Net, LLC<br>c/o Epic Property Management, LLC<br>12863 Eureka Rd<br>Southgate, MI 48195 | 241 | Lease for Store #241<br>35613 Warren Rd<br>Westland, MI |
| 76 | OTB Acquisition, LLC | William Ziering<br>4633 Olive Hill Road<br>Fallsbrook, CA  92028 | 125 | Lease for Store #125<br>790 Cobb Place Blvd.<br>Kennesaw, GA |
| 77 | OTB Acquisition, LLC | Willow Bend Market LTD<br>Weitzman Group, 3102 Maple Ave, #500<br>Dallas, TX 75266 | 222 | Lease for Store #222<br>5960 W Parker # 210<br>Plano, Texas |

**Exhibit B**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB HOLDING LLC, *et al.*,[1] | ) | Cases No. 25-52415 (SMS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER (I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES OF
NON-RESIDENTIAL REAL PROPERTY EFFECTIVE AS OF THE PETITION DATE,
(B) ABANDONMENT OF ANY REMAINING PERSONAL PROPERTY LOCATED AT
THE LEASED PREMISES; (II) FIXING A BAR DATE FOR CLAIMS OF
COUNTERPARTIES; AND (III) GRANTING RELATED RELIEF**

This matter is before the Court on the *First Omnibus Emergency Motion for Entry of an*

*Order (I) Authorizing (A) Rejection of Certain Unexpired Leases of Non-Residential Real Property*

*Effective as of the Petition Date, (B) Abandonment of Any Remaining Personal Property Located*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: OTB Holding LLC (3213), OTB Acquisition LLC (8500), OTB Acquisition of New Jersey LLC (1506), OTB Acquisition of Howard County LLC (9865), Mt. Laurel Restaurant Operations LLC (5100), OTB Acquisition of Kansas LLC (9014), OTB Acquisition of Baltimore County, LLC (6963). The location of OTB Holding LLC's corporate headquarters and service address is One Buckhead Plaza, 3060 Peachtree Road, NW, Atlanta, GA 30305.

*at the Leased Premises; (II) Fixing a Bar Date for Claims of Counterparties; and (III) Granting*

*Related Relief* (the "<u>Motion</u>") [Docket No. __] of the above-captioned debtors and debtors in

possession (collectively, the "<u>Debtors</u>").  All capitalized terms used but not defined herein shall

have the meanings given to them in the Motion.

The Court has considered the Motion, the First Day Declaration, and the matters reflected

in the record of the hearing held on the Motion on _____, 2025 (the "<u>Hearing</u>").  It appears

that the Court has jurisdiction over this proceeding; that this is a core proceeding; that proper and

adequate notice of the Motion has been given; that no further notice is necessary; that the relief

sought in the Motion is in the best interests of the Debtors, their estates, and their creditors; and

that good and sufficient cause exists for such relief.

Accordingly, IT IS HEREBY ORDERED:

1.      The Motion is granted to the extent set forth herein.

2.      The requirements of section 365 of the Bankruptcy Code and Federal Rule of

Bankruptcy Procedure 6006 have been satisfied with respect to the Rejected Leases.

3.      The Rejected Leases identified on **<u>Exhibit 1</u>** attached hereto are hereby rejected

*nunc pro tunc* to the Petition Date.

4.      Consistent with the limitations of section 362 of the Bankruptcy code, and any other

applicable law, Counterparties to the Rejected Leases are prohibited from setting-off or otherwise

utilizing any amounts deposited by the Debtors with any of the Counterparties as a security deposit

or pursuant to another similar agreement, or owed to the Debtors by any of the Counterparties

under the Rejected Leases or other agreements between the same parties, without further order

from this Court.

5.      The Debtors are authorized to abandon any Personal Property remaining at each Leased Premises pursuant to section 554(a) of the Bankruptcy Code effective as of the Petition Date without the applicable Counterparty incurring liability to any person or entity, and upon such abandonment as of the Petition Date, the Counterparty is permitted to use or dispose of any remaining property at such Leased Premises without notice or liability to the Debtors or any third person or entity, and to the extent applicable, the automatic stay is modified to allow for such disposition.   To the extent the Debtors seek to abandon Personal Property that contain any "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such property before abandonment.

6.      Absent further Order of the Court, the  Counterparty for each Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Lease or the rejection, breach or termination of such Rejected Lease by the later of (i) thirty (30) days after the entry of this Order and (ii) the claims bar date to be established by the Court for all holders of general unsecured claims, failing which such claim or claims by the Counterparty shall be forever barred absent further Order of the Court.  The Debtors reserve all rights to contest any such claim and to contest the characterization of each Rejected Lease, as executory or not.

7.      The Debtors do not waive any claims that the Debtors may have against the Counterparty to any Rejected Lease, whether or not such claims are related to such Rejected Lease.

8.      Nothing herein shall prejudice the rights of the Debtors or any party in interest to argue that any of the Rejected Leases were terminated prior to the Petition Date; that any claim for damages arising from the rejection of the Rejected Leases is limited to the remedies available under any applicable termination provision of such Rejected Lease; or that any such claim is an obligation of a third party, and not that of the Debtors or their estates.

9.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume or adopt any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission to the validity, priority, enforceability, or perfection of any lien on, security interest in, or encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10.      Nothing contained in the Motion or this Order is intended or should be construed to create an administrative priority claim.

11.      Nothing in the Motion or this Order shall prohibit the Debtors from filing one or more additional motions to reject executory contracts or unexpired leases.

12.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     The Debtors reserve all rights to contest any rejection claims and/or the characterization of any lease as an unexpired lease.

14.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

15.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective immediately upon its entry.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules for the Northern District of Georgia and the Complex Case Procedures are satisfied by such notice.

17.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

18.     Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Order, cause a copy of this Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

Prepared and presented by:

*/s/ Jeffrey R. Dutson*
Jeffrey R. Dutson
Georgia Bar No. 637106
Brooke L. Bean
Georgia bar No. 764552
Alice Kyung Won Song
Georgia Bar No. 692753
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: jdutson@kslaw.com
Email: bbean@kslaw.com
Email: asong@kslaw.com

*Proposed Counsel for the Debtors in Possession*