**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| OTB HOLDING LLC, *et al.*,[1] | ) Case No. 25-52415 (SMS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket Nos. 13, 57** |

### NOTICE OF FILING OF MODIFIED PROPOSED FINAL ORDER

**PLEASE TAKE NOTICE** that, on March 5, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) the Debtors to Pay Certain Prepetition Claims of Trade Claimants and (B) Procedures Related Thereto, and (II) Granting Related Relief* [Docket No. 13] (the "Motion"). A proposed form of final order was attached to the Motion as Exhibit B (the "Initial Proposed Final Order").

**PLEASE TAKE FURTHER NOTICE** that on March 7, 2025, the United States Bankruptcy Court for the Northern District of Georgia (the "Court") entered the *Interim Order (I) Authorizing (A) the Debtors to Pay Certain Prepetition Claims of Trade Claimants and (B) Procedures Related Thereto, and (II) Granting Related Relief* [Docket No. 57].

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a modified version of the Initial Proposed Final Order (the "Modified Proposed Final Order"), attached hereto as **Exhibit A**. A redline reflecting the modifications between the Initial Proposed Final Order and the Modified Proposed Final Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the hearing to consider the Motion will be held before the Honorable Sage M. Sigler, United States Bankruptcy Judge, in Courtroom 1201, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, 30303 on **April 1, 2025,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: OTB Holding LLC (3213), OTB Acquisition LLC (8500), OTB Acquisition of New Jersey LLC (1506), OTB Acquisition of Howard County LLC (9865), Mt. Laurel Restaurant Operations LLC (5100), OTB Acquisition of Kansas LLC (9014), OTB Acquisition of Baltimore County, LLC (6963). OTB Holding LLC's service address is One Buckhead Plaza, 3060 Peachtree Road, NW, Atlanta, GA 30305.

**at 1:30 p.m. (prevailing Eastern Time)**.

       **PLEASE TAKE FURTHER NOTICE** that a copy of each document filed in the above captioned chapter 11 cases can be viewed on the Court's website at www.ganb.uscourts.gov and the website of the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC d/b/a Verita Global, at https://www.veritaglobal.net/ontheborder. Further information may be obtained by using the "Submit an Inquiry" function at https://www.veritaglobal.net/ontheborder/inquiry.

Date:  March 31, 2025                                    Respectfully submitted,
       Atlanta, GA

                                                     KING & SPALDING LLP

                                                   */s/ Jeffrey R. Dutson*
                                                   Jeffrey R. Dutson
                                                   Georgia Bar No. 637106
                                                   Brooke L. Bean
                                                   Georgia Bar No. 764552
                                                   Alice Kyung Won Song
                                                   Georgia Bar No. 692753
                                                   **KING & SPALDING LLP**
                                                   1180 Peachtree Street NE
                                                   Atlanta, Georgia 30309
                                                   Telephone: (404) 572-4600
                                                   Email: jdutson@kslaw.com
                                                   Email: bbean@kslaw.com
                                                   Email: asong@kslaw.com

                                                   *Proposed Counsel for the Debtors in Possession*

## Exhibit A

**Modified Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB HOLDING LLC, *et al.*,[1] | ) | Case No. 25-52415 (SMS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING (A) THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF TRADE CLAIMANTS AND (B) PROCEDURES RELATED THERETO, AND (II) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) the Debtors to Pay Certain Prepetition Claims of Trade Claimants and (B) Procedures Related Thereto, and (II) Granting Related Relief* (the "Motion") [Docket No. 13] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). All

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: OTB Holding LLC (3213), OTB Acquisition LLC (8500), OTB Acquisition of New Jersey LLC (1506), OTB Acquisition of Howard County LLC (9865), Mt. Laurel Restaurant Operations LLC (5100), OTB Acquisition of Kansas LLC (9014), OTB Acquisition of Baltimore County, LLC (6963). OTB Holding LLC's service address is One Buckhead Plaza, 3060 Peachtree Road, NW, Atlanta, GA 30305.

capitalized terms used but not defined herein shall have the meanings given to them in the Motion. On March 7, 2025, the Court granted the Motion on an interim basis and scheduled a Final Hearing for March 28, 2025. The Final Hearing was reset to April 1, 2025. *See* Docket No. 123.

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearings held on the Motion on March 6, 2025 and _____, 2025. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims subject to the Final Critical Vendor Claims Cap.

3. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Critical Vendor Claims on the agreement of the applicable Critical Vendor to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the applicable Critical Vendor.

4. The Debtors are authorized, but not directed, in their discretion, to enter into Trade Agreements with Critical Vendors, including, without limitation, on the following terms:

   a. The amount of the Critical Vendor's estimated prepetition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of this Final Order and shall not be deemed a claim allowed by

2

    this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions as set forth in this Final Order;

c. The Critical Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Critical Vendor, and the Debtors' agreement to pay the Critical Vendor in accordance with such terms;

d. The Critical Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "Lien") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary actions to release such Lien;

e. The Critical Vendor's acknowledgment that it has reviewed the terms and provisions of this Final Order and consents to be bound thereby;

f. The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

g. If a Critical Vendor which has received payment of a prepetition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Critical Vendor, then, without the need for any further order of this Court, any payments received by the Critical Vendor on account of such prepetition claim shall be deemed to have been in payment of any then outstanding postpetition obligations owed to such Critical Vendor, and such Critical Vendor shall immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding to such Critical Vendor, without the right of setoff, recoupment or reclamation, and the Critical Vendor's prepetition claim shall be reinstated as a prepetition claim in these chapter 11 cases and subject to the terms of any bar date order entered in these chapter 11 cases.

Notwithstanding anything to the contrary in this Order, the Debtors may not (absent the written consent of the Official Committee of Unsecured Creditors) include in any Trade Agreement the waiver of any avoidance action against a Critical Vendor.

5. If a Critical Vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with this Order, including providing goods and services on the same Customary Trade Term on a postpetition basis, then the Debtors may declare such payments to have been unauthorized postpetition transfers under Bankruptcy Code section 549, and may take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of this Order, or apply such payments as credits against any outstanding postpetition claim held by such Critical Vendor. Upon recovery of a payment made in respect to a Critical Vendor Claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

7. On the fourth (4th) business day of each week, the Debtors shall provide to the Office of the United States Trustee for Region 21 (the "<u>U.S. Trustee</u>") and the financial advisor to the official committee of unsecured creditors a report summarizing for the prior week: (i) the name of each Critical Vendor paid on account of its Critical Vendor Claim pursuant to this Order and

4

(ii) the amount paid by each Debtor payor to each Critical Vendor pursuant to this Order on account of its Critical Vendor Claim.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

9. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim or lien, (c) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code or (d) a grant of third-party beneficiary status or bestowal of any additional rights on any third party.

10. Notwithstanding the relief granted in this Order, any payment made or to be made by the Debtors pursuant to the authority granted herein, and any relief or authorization granted herein, shall be subject to and in compliance with each interim and final order entered by the Court in respect of the *Debtors' Emergency Motion for Interim and Final Orders (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and (VI) Granting Related Relief* [Docket No. 17] (collectively, such interim and final orders, the "DIP Order"), including compliance with the Budget (as defined in the DIP Order) and any other terms

5

and conditions of the DIP Order.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order.  To the extent there is any inconsistency between the terms of the DIP Order and the terms of this Order or any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.  For the avoidance of doubt, the Debtors are not authorized to make payments pursuant to this Order except as permitted by the Budget.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules for the Northern District of Georgia and the Complex Case Procedures are satisfied by such notice.

15. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

16. Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Final Order, cause a copy of this Final Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

Case 25-52415-sms    Doc 156    Filed 03/31/25    Entered 03/31/25 18:19:45    Desc Main
Document      Page 10 of 20

Prepared and presented by:

/s/ *Jeffrey R. Dutson*
Jeffrey R. Dutson
Georgia Bar No. 637106
Brooke L. Bean
Georgia Bar No. 764552
Alice Kyung Won Song
Georgia Bar No. 692753
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: jdutson@kslaw.com
Email: bbean@kslaw.com
Email: asong@kslaw.com

*Proposed Counsel for the Debtors in Possession*

**Exhibit B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OTB HOLDING LLC, *et al.*,[1] | ) | Case No. 25-52415 (SMS) |
| | ) | |
| | ) | |
| Debtors. | ) | (~~Joint Administration Requested~~**Jointly Administered**) |
| | ) | |

**FINAL ORDER (I) AUTHORIZING (A) THE DEBTORS TO PAY CERTAIN
PREPETITION CLAIMS OF TRADE CLAIMANTS AND
(B) PROCEDURES RELATED THERETO, AND (II) GRANTING RELATED RELIEF**

This matter is before the Court on the *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) the Debtors to Pay Certain Prepetition Claims of Trade Claimants and (B) Procedures Related Thereto, and (II) Granting Related Relief* (the "Motion") [Docket No. ~~—~~**13**] of the above-captioned debtors and debtors in possession (collectively, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: OTB Holding LLC (3213), OTB Acquisition LLC (8500), OTB Acquisition of New Jersey LLC (1506), OTB Acquisition of Howard County LLC (9865), Mt. Laurel Restaurant Operations LLC (5100), OTB Acquisition of Kansas LLC (9014), OTB Acquisition of Baltimore County, LLC (6963). OTB Holding LLC's service address is One Buckhead Plaza, 3060 Peachtree Road, NW, Atlanta, GA 30305.

"Debtors"). All capitalized terms used but not defined herein shall have the meanings given to them in the Motion. On ~~————~~ **March 7**, 2025**,** the Court granted the Motion on an interim basis and scheduled a Final Hearing for ~~——————~~**March 28**, 2025. **The Final Hearing was reset to April 1, 2025. *See* Docket No. 123.**

The Court has considered the Motion, the First Day Declaration, and the matters reflected in the record of the hearings held on the Motion on ~~————~~**March 6**, 2025 and _____, 2025. It appears that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1408; and it appearing that the relief requested is in the best interests of the Debtors, the Debtors' estates, their creditors, and other parties in interest, and that good cause has been shown therefor; IT IS HEREBY ORDERED:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims subject to the Final Critical Vendor Claims Cap.

3. The Debtors are authorized, but not directed, in their discretion, to condition the payment of a Critical Vendor Claims on the agreement of the applicable Critical Vendor to continue supplying goods and services to the Debtors on the Customary Trade Terms, or such other trade terms as are agreed to by the Debtors and the applicable Critical Vendor.

4. The Debtors are authorized, but not directed, in their discretion, to enter into Trade Agreements with Critical Vendors, including, without limitation, on the following terms:

   a. The amount of the Critical Vendor's estimated prepetition claim, after accounting for any setoffs, other credits and discounts thereto, shall be as mutually

2

      determined in good faith by the Critical Vendor and the Debtors (but such amount shall be used only for purposes of this Final Order and shall not be deemed a claim allowed by this Court, and the rights of all parties in interest to object to such claim shall be fully preserved until further order of this Court);

b. The amount and timing of any payment agreed to be paid in satisfaction of such estimated prepetition claim by the Debtors, subject to the terms and conditions as set forth in this Final Order;

c. The Critical Vendor's agreement to provide goods and services to the Debtors based upon the Customary Trade Terms (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, normal product mix and availability and other applicable terms and programs), or such other trade terms as are agreed to by the Debtors and the Critical Vendor, and the Debtors' agreement to pay the Critical Vendor in accordance with such terms;

d. The Critical Vendor's agreement not to file or otherwise assert against any of the Debtors, their estates or any of their respective assets or property (real or personal) any lien (a "<u>Lien</u>") (regardless of the statute or other legal authority upon which such Lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to the Critical Vendor by the Debtors arising from goods and services provided to the Debtors prior to the Petition Date, and that, to the extent that the Critical Vendor has previously obtained such a Lien, the Critical Vendor shall immediately take all necessary actions to release such Lien;

e. The Critical Vendor's acknowledgment that it has reviewed the terms and provisions of this Final Order and consents to be bound thereby;

f. The Critical Vendor's agreement that it will not separately assert or otherwise seek payment of any reclamation claims; and

~~5~~<u>g</u>. If a Critical Vendor which has received payment of a prepetition claim subsequently refuses to provide goods and services to the Debtors on Customary Trade Terms or such other trade terms as are agreed to by the Debtors and the Critical Vendor, then, without the need for any further order of this Court, any payments received by the Critical Vendor on account of such prepetition claim shall be deemed to have been in payment of any then outstanding postpetition obligations owed to such Critical Vendor, and such Critical Vendor shall immediately repay to the Debtors any payments received on account of its prepetition claim to the extent that the aggregate amount of such payments exceed the postpetition obligations then outstanding to such Critical Vendor, without the right of setoff, recoupment or reclamation, and the Critical Vendor's prepetition claim shall be reinstated as a prepetition claim in these chapter 11 cases and subject to the terms of any bar date order entered in these chapter 11 cases.

3

**Notwithstanding anything to the contrary in this Order, the Debtors may not (absent the written consent of the Official Committee of Unsecured Creditors) include in any Trade Agreement the waiver of any avoidance action against a Critical Vendor.**

**5.     If a Critical Vendor that has received payment of a prepetition claim later refuses to continue to supply goods or services for the applicable period in compliance with this Order, including providing goods and services on the same Customary Trade Term on a postpetition basis, then the Debtors may declare such payments to have been unauthorized postpetition transfers under Bankruptcy Code section 549, and may take any and all appropriate steps to cause such Critical Vendor to repay payments made to it on account of this Order, or apply such payments as credits against any outstanding postpetition claim held by such Critical Vendor.  Upon recovery of a payment made in respect to a Critical Vendor Claim, such claim shall be reinstated as a claim in the amount so recovered, less the Debtors' reasonable costs of recovery.**

6.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

**7.     On the fourth (4th) business day of each week, the Debtors shall provide to the Office of the United States Trustee for Region 21 (the "U.S. Trustee") and the financial advisor to the official committee of unsecured creditors a report summarizing for the prior**

4

**week: (i) the name of each Critical Vendor paid on account of its Critical Vendor Claim pursuant to this Order and (ii) the amount paid by each Debtor payor to each Critical Vendor pursuant to this Order on account of its Critical Vendor Claim.**

~~7~~**8**. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Critical Vendor Claims.

~~8~~**9**. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, (a) an admission as to the validity or priority of any claim or lien against the Debtors, (b) a waiver of the Debtors' or any party in interest's rights to subsequently dispute and/or contest such claim or lien, (c) the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code or (d) a grant of third-party beneficiary status or bestowal of any additional rights on any third party.

~~9~~**10**. Notwithstanding ~~anything to the contrary contained herein, (i)~~**the relief granted in this Order,** any payment made or to be made~~,~~ **by the Debtors pursuant to the authority granted herein, and any relief** or authorization ~~contained, hereunder~~**granted herein,** shall be subject to ~~the requirements imposed on the Debtors under any approved postpetition financing facility or any order regarding the use of cash collateral approved by the Court in these chapter 11 cases, including, without limitation, the~~ *Interim Order***and in compliance with each interim and final order entered by the Court in respect of the** *Debtors' Emergency Motion for Interim and Final Orders* **(I) Authorizing the Debtors to Obtain Senior Secured Superiority**

5

*Postpetition Financing,; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection; (III) Authorizing Use of Cash Collateral; (IV) Modifying the Automatic Stay; (V) Scheduling a Final Hearing; and **(VI)** Granting Related Relief* (**[Docket No. 17] (collectively, such interim and final orders,** the "DIP Order"), ~~and (ii) to~~ **including compliance with** {the Budget (as defined in }**the DIP Order) and any other terms and conditions of the DIP Order.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Order.  To** the extent there is any inconsistency between the terms of the DIP Order and **the terms of this Order or** any action taken or proposed to be taken hereunder, the ~~DIP Order and~~ {the Budget (as defined in}**terms of** the DIP Order)~~~~ shall control.  For the avoidance of doubt, the Debtors are not authorized to make payments pursuant to this Order except as permitted by the Budget.

~~10~~**11**.   The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

~~11~~**12**.   Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

~~12~~**13**.   Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

~~13~~**14**.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Bankruptcy Local Rules for the Northern District of Georgia and the Complex Case Procedures are satisfied by such notice.

6

~~14~~15.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Final Order.

~~15~~16.  Proposed counsel for the Debtors, through Kurtzman Carson Consultants, LLC d/b/a Verita Global ("Verita") shall, within three (3) days of the entry of this Final Order, cause a copy of this Final Order to be served by electronic mail or first class mail, as applicable, on all parties served with the Motion, and Verita shall file promptly thereafter a certificate of service confirming such service.

[END OF ORDER]

Prepared and presented by:

/s/ *Jeffrey R. Dutson*
Jeffrey R. Dutson
Georgia Bar No. 637106
Brooke L. Bean
Georgia Bar No. 764552
Alice Kyung Won Song
Georgia Bar No. 692753
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Email: jdutson@kslaw.com
Email: bbean@kslaw.com
Email: asong@kslaw.com

*Proposed Counsel for the Debtors in Possession*